IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF CENTRAL LABORERS' )
PENSION, WELFARE, & ANNUITY )
FUNDS, )
)
        **Plaintiff,** )
)
v. ) CIVIL NO. 11-CV-1012-WDS
)
SHAWNEE MASONRY & )
RESTORATION, INC., an Illinois )
Corporation, )
)
        **Defendant.** )

**ORDER**

**STIEHL, District Judge:**

    Before the Court is plaintiff's motion for entry of default judgment as to Count II of plaintiff's complaint (Doc. 8), to which defendant has not responded. Plaintiff asserts that a complaint was filed against defendant on November 17, 2011 (Doc. 2), and that defendant was served on December 4, 2011 (Doc. 4).

    The record reflects that plaintiff requested and the Clerk of the Court entered default for failure to appear or otherwise answer the complaint as to Count II of the complaint on January 18, 2012 (Doc. 6). Notably, in plaintiff's motion for clerk's entry of default (Doc. 5), plaintiff informed the Court that on December 8, 2011, the defendant complied with Count I of the complaint, which requested payment of delinquent contributions, liquidated damages, court costs, and attorneys fees, but that defendant had not complied with Count II of the complaint, which requested compliance with an up-to-date audit of its books. Plaintiff now seeks an entry of default judgment on Count II of its complaint (Doc. 8).

**I. MOOTNESS OF COUNT I**

Before ruling on the motion for default judgment, however, the Court wishes to clarify the outcome of Count I of plaintiff's complaint. In light of plaintiff's concession that defendant has complied with Count I of the complaint, dismissal is appropriate because "[p]laintiff[] [has] already received the relief requested within it, rendering the claim moot." *Laborers' Pension Fund v. G.K. Harris, Ltd.*, No. 08 C 2594, 2008 WL 4067311, at *2 (N.D. Ill. August 28, 2008). There is, therefore, no "viable controversy" remaining with respect to Count I. *Id.* Accordingly, the Court **DISMISSES** Count I of the complaint.

**II. REQUEST FOR DEFAULT JUDGMENT AS TO COUNT II**

Whether to grant or deny default judgment lies within the district court's discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). Upon review of the record, plaintiff has complied with Local Rule 55.1(a)[1] by giving notice of the Clerk's entry of default to the defendant by mail, sent to the last known address of the defendant, and certified to the Court that it has done so (Doc. 7).

Plaintiff has also complied with Local Rule 55.1(b)[2] by providing a certificate of service that

---

[1] Local Rule 55.1(a) provides:
> The Clerk of Court shall enter a default against any party who fails to respond to a complaint, crossclaim, or counterclaim within the time and in the manner provided by Federal Rule of Civil Procedure 12. The serving party shall give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party and shall certify to the Court that notice has been sent.

[2] Local Rule 55.1(b) provides:
> Any motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney.

the motion for default judgment was mailed to the last known address of the defendant.

Plaintiff's attorney has not certified to this Court, however, that "he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed." *Trustees of Central Laborers' Pension, Welfare & Annuity Funds v. L.D. Bush Construction, Inc.*, No. 10-1010-DRH/PMF, 2011 WL 1549258, at *1 n.1 (S.D. Ill. April 21, 2011). Plaintiff has not, therefore, fully complied with Local Rule 55.1(b).

Furthermore, "[t]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). After the default is established, "the plaintiff still must establish his entitlement to the relief he seeks." *Id.* Plaintiff does not provide any evidence that it is in fact entitled to an audit, as it claims. In its complaint, plaintiff alleges that the provisions of the Agreement and Declarations of Trust governing the administration of the Funds authorize the Funds' representatives to conduct an audit upon the payroll books and records of a participating employer in order to determine whether the employer is fulfilling all of the obligations to the Funds. The plaintiff further asserts that the defendant has breached its obligations to the Funds and has failed to allow the Funds' representatives to conduct an audit as required by the terms of the Agreement. Attached to plaintiff's complaint were two exhibits which plaintiff alleged contained the terms of the Agreements, but the Court was unable to locate a provision, within these exhibits, which would require the defendant to submit to an audit.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** plaintiff's motion for default judgment (Doc.8 ). Plaintiff is granted leave to file a motion for default judgment which provides certification that there is no attorney to which it should have provided notice in accordance with Local Rule 55.1(b), and to provide appropriate support for its claim that it is entitled to an audit.

**IT IS SO ORDERED.**

**DATE: May 21, 2012**

                                          **/s/  WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**